UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEUNDRE DESHEAN DUNN            CIVIL ACTION

VERSUS            NUMBER: 16-16592

WARDEN KEITH TURNER, ET AL.            SECTION: "J"(5)

## REPORT AND RECOMMENDATION

The above-captioned matter is an action brought pursuant to 42 U.S.C. §1983 by *pro se* Plaintiff, DeUndre DeShean Dunn, against Defendants, Warden Keith Turner, Jason Kent, and Secretary of Records Amanda Sagely. (Rec. doc. 5-1, p. 1). Plaintiff, a resident of St. Petersburg, Florida, complains of being incarcerated for nine days beyond his lawful release date at a jail facility that he does not identify. (*Id.* at p. 3). Plaintiff seeks $15,000.00 in monetary damages. (Rec. doc. 5, p. 1).

Plaintiff's application for leave to initiate this matter *in forma pauperis* ("IFP") was granted by the Court on January 18, 2017. (Rec. doc. 7). At that time, three summons were issued by the Clerk's Office and were forwarded to Plaintiff along with an instructional letter ("Pauper Letter") advising him that the U.S. Marshal was available to effect service on his behalf upon being furnished with the necessary paperwork. (Rec. docs. 7, 8). In accordance with Local Rule 16.2, after over 90 days had passed since this lawsuit was filed and a review of the record revealed that no service returns or waivers of service had been filed herein indicating that service had been properly made on the named Defendants, Plaintiff was ordered to show cause, in writing and on or before May 12, 2017, as to why his lawsuit should

not be dismissed for failure to prosecute. [1]/ (Rec. doc. 9). A copy of the show-cause order was mailed to Plaintiff at his address of record and has not been returned as undeliverable. No response to the show cause order has been forthcoming from Plaintiff and proof of service is still absent from the record despite the fact that this case has been pending for nearly four months.

Rule 4(m), Fed. R. Civ. P., provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The jurisprudence has come to expect strict compliance with the service rules within the 90-day period prescribed by Rule 4(m) and its predecessor. *See, e.g., Lambert v. United States*, 44 F.3d 296 (5th Cir. 1995); *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993); *McGinnis v. Shalala*, 2 F.3d 548 (5th Cir. 1993), *cert. denied*, 510 U.S. 1191, 114 S.Ct. 1293 (1994); *Trania v. United States*, 911 F.2d 1155 (5th Cir. 1990).

It has now been nearly four months since this lawsuit was filed and proof of service on the named Defendants is lacking. By scheduling the rule to show cause, the Court hoped to bring this deficiency to the attention of Plaintiff and to impress upon him the need to prosecute his case. Unfortunately, Plaintiff has filed nothing in response to the Court's show cause order and no further activity has taken place in this case. As Plaintiff is proceeding *pro se* in this matter, these failures are attributable to him alone. Accordingly, it will be

---

[1]/ Effective December 1, 2015, the presumptive period of time within which to serve a defendant was reduced from 120 days to 90 days. Rule 4(m), Fed. R. Civ. P.

recommended that Plaintiff's suit be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc). 2/

New Orleans, Louisiana, this 18th day of May, 2017.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

2/ *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.